FARMERS FEDERATION, INC., v. GILBERT H. MORRIS.

(Filed 13 October, 1943.)

**1. Frauds, Statute of, § 5—**

Whether a promise is an original one, not coming within the statute of frauds, or a collateral one, required by the statute to be in writing, is to be determined from the circumstances of its making, the situation of the parties, and the objects sought to be accomplished. Where the intent is doubtful the solution usually lies in summoning the aid of a jury.

**2. Frauds, Statute of, §§ 5, 7—**

In respect of the character of a promise, whether or not it is original or collateral under the statute of frauds, it is competent to show that the defendant had a personal, immediate and pecuniary interest in the transaction, and for this purpose it is proper to inquire about his entire connection with the person for whom the debt was made.

**3. Evidence § 25: Frauds, Statute of, § 7—**

It is not required that evidence bear directly on the question in issue, and it is competent and relevant if it is one of the circumstances surrounding the parties, and necessary to be known to properly understand their conduct or motives, or to weigh the reasonableness of their contentions.

WINBORNE, J., took no part in the consideration or decision of this case.

APPEAL by plaintiff from *Nettles, J.,* at January Term, 1943, of BUNCOMBE.

Civil action to recover for merchandise furnished and delivered The Haywood, Inc., on personal responsibility of the defendant.

It is alleged that in July, 1940, the defendant, who at that time was president of The Haywood, Inc., a corporation engaged in the restaurant business in the city of Asheville, induced the plaintiff to furnish the corporation goods and merchandise upon promise that he would be personally responsible for all bills so contracted. It is in evidence that the defendant said "he wanted credit extended to The Haywood, Inc.; that Mrs. Little was running it; that she was a fine woman and that he was backing her. . . . I am backing her, and I will see that it is, paid."

It was further alleged that the defendant had an immediate, personal, pecuniary interest in the corporation and its business.

The defendant denied the allegations of the complaint and pleaded the statute of frauds.

On cross-examination, the plaintiff undertook to question the defendant about the formation of the corporation—his endorsement of note to secure the original funds—and his continued interest therein. Mrs. Little was also questioned about the defendant's interest in the business.

The court confined the examination of these witnesses "to the time of the alleged purchase of these supplies." Exception. Plaintiff's counsel: "He admits that he was president and a stockholder of the company." The Court: "I think that is as far as you can go."

From verdict and judgment for defendant, the plaintiff appeals, assigning errors.

*Smathers & Meekins for plaintiff, appellant.*
*Sale, Pennell & Pennell for defendant, appellee.*

STACY, C. J. Whether a promise is an original one not coming within the statute of frauds, or a collateral one required by the statute to be in writing, is to be determined from the circumstances of its making, the situation of the parties, and the objects sought to be accomplished. *Simmons v. Groom,* 167 N. C., 271, 83 S. E., 471; *Balentine v. Gill,* 218 N. C., 496, 11 S. E. (2d), 456; *Dozier v. Wood,* 208 N. C., 414, 181 S. E., 336. Where the intent is doubtful, the solution usually lies in summoning the aid of a jury. *Whitehurst v. Padgett,* 157 N. C., 424, 73 S. E., 240. The issue was properly submitted to the jury in the instant case. *Taylor v. Lee,* 187 N. C., 393, 121 S. E., 659; *Peele v. Powell,* 156 N. C., 553, 73 S. E., 234, on rehearing, 161 N. C., 50, 76 S. E., 698.

The instant case comes well within the example put by Mr. Clark in his work on Contracts, 67: "If, for instance, two persons come into a store and one buys and the other, to gain him credit, promises the seller, 'If he does not pay you, I will,' this is a collateral undertaking and must be in writing; but if he says, 'Let him have the goods and I will pay,' or 'I will see you paid,' and credit is given to him alone, he is himself the buyer, and the undertaking is original."

In respect of the character of the promise, it was competent to show that the defendant had a personal, immediate and pecuniary interest in the transaction. *Balentine v. Gill, supra; Whitehurst v. Padgett, supra.* For this purpose, it was proper to inquire about his entire connection with the corporation.

In excluding the evidence offered and limiting the cross-examination to the time of the purchase of the supplies, the jury was left without a full knowledge of the facts and denied information regarding the defendant's long-continued interest in the business which would have thrown some light on the matter. "Anything which shows the intention or the actual contract of the parties is material, and any evidence which goes to show the intention of the parties is admissible whether it be by way of conduct or documentary in nature." 34 Cyc., 980, quoted with ap-

proval in *Henley v. Holt,* 214 N. C., 384, 199 S. E., 383, and *Potato Co. v. Jeanette,* 174 N. C., 236, 93 S. E., 795.

The examination was also pertinent as tending to impeach the defendant who testified on his examination in chief that he had no conversation with plaintiff's witnesses as detailed by them on the witness stand. "It is not required that the evidence bear directly on the question in issue, and it is competent and relevant if it is one of the circumstances surrounding the parties, and necessary to be known to properly understand their conduct or motives, or to weigh the reasonableness of their contentions." *Bank v. Stack,* 179 N. C., 514, 103 S. E., 6.

A new trial seems necessary. It is so ordered.

New trial.

WINBORNE, J., took no part in the consideration or decision of this case.