FULTON REAVES LUPO, AND W. R. TURNER v. EDWARD L. POWELL, COM-
MISSIONER OF THE NORTH CAROLINA DIVISION OF MOTOR VEHICLES, AND NATION-
WIDE MUTUAL INSURANCE COMPANY

No. 7910SC169

(Filed 20 November 1979)

1. **Insurance § 100 — insurer's duty to defend action—sufficiency of complaint to state cause of action**

    The trial court erred in dismissing plaintiff's complaint against defendant insurance company for failure to state a claim upon which relief could be granted where the complaint alleged that plaintiff had a validly existing insurance contract with defendant, that plaintiff gave defendant notice of a pending claim for which defendant denied coverage, and that the denial of coverage constituted a breach of defendant's contract to defend plaintiff and satisfy a judgment of liability.

2. **Automobiles § 2.7; Insurance § 80 — Financial Responsibility Act—drivers' licenses properly suspended**

    The trial court properly affirmed the order of the Commissioner of Motor Vehicles suspending plaintiffs' licenses under G.S. 20-279.13 for failure to pay a judgment, and there was no merit to plaintiffs' contention that a single-axle trailer was not a motor vehicle within the meaning of the Act.

APPEAL by plaintiffs from *Godwin, Judge.* Orders and judgment entered 7 November 1978 in Superior Court, WAKE County. Heard in the Court of Appeals 18 October 1979.

This action comes to us on appeal by plaintiffs from the dismissal of the action against defendant, Nationwide Mutual Insurance Company, pursuant to Rule 12(b)(6) of the North Carolina Rules of Civil Procedure. Plaintiffs also appeal from a judgment of the trial court sitting without a jury in favor of defendant, Commissioner of Motor Vehicles. The judgment affirmed an order of the Commissioner suspending plaintiffs' licenses pursuant to the Motor Vehicle Safety and Financial Responsibility Act of 1953, as amended. G.S. 20-279.1 *et seq.*

*Charles A. Parlato, for plaintiff appellants.*

*Attorney General Edmisten, by Assistant Attorney General William B. Ray, for defendant appellee, Commissioner of the North Carolina Division of Motor Vehicles.*

*Smith, Anderson, Blount, Dorsett, Mitchell and Jernigan, by Nigle B. Barrow, Jr., for defendant appellee, Nationwide.*

VAUGHN, Judge.

[1] We first consider whether the court erred when it dismissed plaintiffs' action against Nationwide pursuant to Rule 12(b)(6) on the grounds that the complaint failed to state a claim upon which relief can be granted. The complaint is, in pertinent part, as follows.

"4. On . . . June 26, 1974 a civil action was instituted against the plaintiff . . . for recovery of . . . damage incurred by James Taylor Hampton allegedly arising out of the negligence of the plaintiff. Hampton alleged . . . that the plaintiff was the owner of a single axle trailer which purportedly had been negligently moved onto a public road in Wake County, North Carolina on September 16, 1971. As a result of said alleged negligence the vehicle driven by James Taylor Hampton on September 16, 1971 collided with the said trailer allegedly causing personal property damage to the Hampton vehicle. . . .

5. Said trailer on September 16, 1971 was being utilized by the plaintiff herein in his business as a construction contractor and builder.

6. During the period from September 11, 1972 to October 7, 1972 the plaintiff had a validly existing Comprehensive General Liability Policy of Insurance with the defendant, Nationwide Mutual Insurance Company, covering all liability claims arising out of the plaintiff's said business activities.

7. Approximately thirteen or fourteen months prior to the institution of suit by Hampton on June 26, 1974 the plaintiff informed defendant Nationwide Mutual Insurance Company of the pending Hampton claim against the plaintiff.

8. On or about May 24, 1973 the plaintiff was informed by letter from an agent . . . of defendant Nationwide . . . that such general liability policy of insurance did not cover the Hampton claim against the plaintiff.

9. Said denial of coverage by defendant Nationwide . . . was wrongful and willful and constituted a breach of contract by defendant Nationwide . . . to defend the plaintiff and to satisfy any judgment against him within the insurance limits of said policy.

10. Upon trial of the Hampton claim judgment was entered against the plaintiff. . . . The plaintiff herein was not represented by counsel at the time of the trial of the Hampton claim."

We conclude that the complaint was sufficient to state a cause of action against defendant Nationwide. It was "sufficiently particular to give the court and the parties notice of the transactions, occurrences, or series of transactions or occurrences, intended to be proved showing that the pleader is entitled to relief. . . ." G.S. 1A-1, Rule 8(a)(1). Our Rules of Civil Procedure no longer require "fact pleading." "Notice pleading" is all that is now required. *Sutton v. Duke*, 277 N.C. 94, 176 S.E. 2d 161 (1970).

> "Under the 'notice theory of pleading' a statement of claim is adequate if it gives sufficient notice of the claim asserted 'to enable the adverse party to answer and prepare for trial, to allow for the adjudication of the doctrine of *res judicata*, and to show the type of case brought. . . .' 'Mere vagueness or lack of detail is not ground for a motion to dismiss.' Such a deficiency 'should be attacked by a motion for a more definite statement.'" *Id.* at 102, 176 S.E. 2d at 165. (Citations omitted.)

The complaint should not be dismissed for insufficiency unless it appears to a certainty that plaintiffs are not entitled to relief under any state of facts which could be proved in support of the claim. If the complaint amounts to what was formerly called a "defective statement" of a good cause of action, a motion to dismiss under Rule 12(b)(6) should not be allowed. Other provisions of Rule 12, the rules governing discovery and the motion for summary judgment provide adequate procedure to obtain details not set out in the complaint. *Id.*

It is alleged in the complaint that plaintiff Lupo had a "validly existing" insurance contract with defendant and that plaintiff gave defendant notice of a pending claim for which defendant denied coverage. Plaintiff further alleged that this denial of coverage constituted a breach of defendant's contract to defend plaintiff and satisfy a judgment of liability. These and the other allegations were sufficient to survive the motion to dismiss. Although it should not be regarded as a model of pleading, it is sufficiently particular to give defendant notice of a valid claim.

Even if it is said to be a defective statement of a good cause of action, we note that plaintiff moved to amend his complaint to allege that he complied with all conditions precedent to the contract. The trial court denied the motion. "[L]eave [to amend] shall be freely given when justice so requires." G.S. 1A-1, Rule 15(a). "[A]mendments should always be freely allowed unless some material prejudice is demonstrated, for it is the essence of the Rules of Civil Procedure that decisions be had on the merits and not avoided on the basis of mere technicalities." *Mangum v. Surles*, 281 N.C. 91, 98-99, 187 S.E. 2d 697, 702 (1972). The proposed amendment, while not necessary for the stating of a claim sufficient to withstand a Rule 12(b)(6) motion, would have satisfied all technical objections offered in the trial court and should have been allowed.

Because the claim against defendant Nationwide was dismissed for failure to state a claim, we do not reach the merits of its argument that the policy, which has been included in the record on appeal, does not cover the situation or the vehicle involved. The policy was not incorporated in the pleading and was not considered by the trial judge in his granting of the Rule 12(b)(6) motion. The question of whether the single-axle trailer was a piece of "mobile equipment" included in the policy coverage and not an excluded "automobile" was not before the court on the motion to dismiss and, consequently, is not before us.

[2] The judgment affirming the order of the Commissioner suspending plaintiffs' licenses under the mandate of G.S. 20-279.13 is affirmed. Plaintiffs' argument that the single-axle trailer is not a motor vehicle within the meaning of the act is without merit. For purposes of the Act, "Motor Vehicle" is defined as

"Every vehicle which is self-propelled and *every vehicle designed to run upon the highways which is pulled by a self-propelled vehicle. . . .*" G.S. 20-4.01(23) (emphasis added).

The judgment in favor of the Commissioner of Motor Vehicles is affirmed.

The order allowing Nationwide Mutual Insurance Company's motion to dismiss and denying plaintiffs' motion to amend is reversed.

Judges ERWIN and HILL concur.