UNITED LEASING CORPORATION v. RANDALL C. MILLER AND POWE, PORTER, ALPHIN & WHICHARD, P.A.

No. 7914SC458

(Filed 4 March 1980)

1. **Contracts § 14.2— contract between attorney and client—plaintiff as third party beneficiary—insufficiency of complaint**

Where plaintiff lessor alleged that it suffered damages when it leased equipment to a third party on the basis of incorrect representations made by defendant attorney to third party lessee concerning the existence of a lien on a piece of property used as collateral by third party lessee for the execution of the leasing agreement with plaintiff, plaintiff's complaint was insufficient to state a claim based on the third party beneficiary contract doctrine, since plaintiff's complaint did not allege the existence of a contract between two other persons which was valid and enforceable and which was entered into for plaintiff's direct, and not incidental, benefit.

2. **Contracts § 15— professional's contract with client—third person not in privity—negligence action—factors to be considered**

A third person not in privity of contract with a professional person may recover for negligence in the professional person's performance of his employment contract with his client, and whether a person has placed himself in such a relation with a third person so that the law will impose upon him an obligation, sounding in tort and not in contract, to act in such a way that the third person will not be injured calls for the balancing of the following factors: (1) the extent to which the transaction was intended to affect the third person, (2) the foreseeability of harm to him, (3) the degree of certainty that he suffered injury, (4) the closeness of the connection between the defendant's conduct and the injury, (5) the moral blame attached to such conduct, and (6) the policy of preventing future harm.

3. **Attorneys at Law § 5.1; Contracts § 15— negligence of attorney—liability to third person—sufficiency of complaint**

Plaintiff's complaint was sufficient to state a cause of action against defendants based in tort where plaintiff alleged that it had entered into a lease

agreement for certain equipment with a third party; the lease agreement was subject to a condition that title opinions be furnished as to the status of the titles of the properties which were to secure the leasing agreement; defendant law firm through the individual defendant sent plaintiff a letter concerning the title of the subject property; subsequently, a deed of trust constituting a prior lien on the property in favor of a bank was discovered; and as a result of the prior undisclosed lien, plaintiff's equity position in the secured property was impaired.

**4. Rules of Civil Procedure § 56— allowance of motion to dismiss complaint— summary judgment motion moot**

When a court decides to dismiss an action pursuant to G.S. 1A-1, Rule 12(b)(6), any pending motion for summary judgment against the claimant may be treated as moot and therefore need not be decided.

APPEAL by plaintiff from *Herring, Judge.* Judgment entered 17 January 1979 in Superior Court, DURHAM County. Heard in the Court of Appeals 7 December 1979.

Plaintiff, a leaser of equipment, filed suit against defendant Miller, a lawyer, and his law firm alleging that they negligently failed to discover the existence of a lien on a piece of property used as collateral for the execution of a leasing agreement. Plaintiff had agreed to furnish certain furniture, kitchen equipment and fixtures for use in the Burlington Hilton Inn, which was owned by Burlington Motor Hotel Owners, a general partnership, the lessee. Plaintiff's leasing agreement required Burlington Motor Hotel Owners to furnish deeds of trust, appraisals, and title rundown letters on the property furnished as collateral, "reflecting approximately the equity shown in financial statements as well as a valid 2nd lien." Burlington Motor Hotel Owners hired defendants to make the requisite title search and to render the certifications of title. After conducting the title search, defendants, through defendant Miller, sent a letter disclosing the state of the titles of the parcels and the existing liens thereon. This letter was mailed approximately eighteen days prior to the closing of the lease agreement. In a letter dated the day of the closing, defendants re-certified that the deeds of trust to the parcels were subject only to the prior disclosed liens identified in their prior letter. Subsequently, plaintiff learned that North Carolina National Bank had an undisclosed lien on a piece of property it had been furnished as collateral and sought to recover actual damages in the amount of $65,000 and punitive damages in the amount of $364,698.44 from defendants.

Defendants, in their answer, alleged that plaintiff had failed to state a claim upon which relief could be granted, that the deed of trust constituted a second lien against the parcel in question, and that plaintiff had actual notice of the existence of the North Carolina National Bank lien. Defendants moved for summary judgment based on the pleadings, the deposition of defendant Miller, plaintiff's responses to request for admissions, and the affidavits of defendant Miller and Charles McMillan, a partner in the Burlington Motor Hotel Owners' partnership. They contended that:

"(1) there is no privity of contract between the plaintiff and the defendants; (2) the plaintiff acquired the valid second liens upon certain real estate which it had bargained for; (3) prior to the closing of its transaction with The Burlington Motor Hotel Owners, the plaintiff had express knowledge of the first deed of trust it contends it did not know about; and (4) no act(s) or omission(s) by the defendants was the proximate cause of any losses the plaintiff alleges it has suffered."

At the hearing of defendants' motion to dismiss for failure to state a claim upon which relief could be granted and their motion for summary judgment, the trial court entered the following order:

"ORDER OF DISMISSAL (Filed Jan. 17, 1979)

This matter coming on for hearing and being heard before the undersigned at the January 15, 1979, session of Durham County Superior Court upon defendants' motions to dismiss under Rule 12(b)(6) for failure to state a claim upon which relief can be granted and for summary judgment under Rule 56; and the court having heard the arguments of counsel and having reviewed and considered, as appropriate to each motion, the pleadings, the depositions and admissions and affidavits of record, and the briefs of the parties; and the court being of the opinion that the complaint fails to state a claim upon which relief can be granted; it is therefore.

ORDERED that this action be, and the same hereby is, dismissed with costs to be taxed by the Clerk to the plaintiff.

(The court, having granted defendants' motion to dismiss under Rule 12 (b)(6), declines to rule on defendants' motion

for summary judgment under Rule 56 since the latter motion is effectively mooted by the court's ruling on the Rule 12(b)(6) motion.)

DEFENDANTS' EXCEPTION NO. 1

This 17th day of January, 1979.

s/D. B. HERRING, JR.
Superior Court Judge"

Plaintiff gave notice of appeal. The next day, plaintiff filed a motion for relief under G.S. 1A-1, Rule 60(b)(6), of the Rules of Civil Procedure, seeking to have the order of dismissal set aside and to amend its pleadings to allege a claim based on the third party beneficiary doctrine. The trial court refused to grant the requested relief, because plaintiff's appeal remained pending, and, consequently, the court thought it was without jurisdiction to hear or determine the propriety of the requested relief. Plaintiff appealed.

*Frederick J. Sternberg, for plaintiff appeallant.*

*Smith, Anderson, Blount, Dorsett, Mitchell & Jernigan, by H. A. Mitchell, Jr. and M. E. Weddington, for defendant appellees.*

ERWIN, Judge.

We note at the outset that plaintiff has abandoned its third assignment of error that the trial court erred in declining to hear or determine the plaintiff's motion for post-judgment relief under G.S. 1A-1, Rule 60 (b)(6), of the Rules of Civil Procedure. Questions raised by assignment of error in appeals from trial tribunals but not then presented and discussed in a party's brief are deemed abandoned. Rule 28(a) of the Rules of Appellate Procedure; *State v. Wilson*, 289 N.C. 531, 223 S.E. 2d 311 (1976). Thus, our review is limited to the propriety of the trial court's dismissal of plaintiff's complaint for failure to state a claim upon which relief can be granted and the trial court's treatment of defendants' motion for summary judgment as moot.

"The test on a motion to dismiss for failure to state a claim upon which relief can be granted is whether the pleading is legally sufficient. 11 Strong, N.C. Index 3d, Rules of Civil Procedure, § 12, p. 294. A complaint may be dis-

missed on motion filed under Rule 12(b)(6) if it is clearly without merit; such lack of merit may consist of an absence of law to support a claim of the sort made, absence of fact sufficient to make a good claim, or the disclosure of some fact which will necessarily defeat the claim. *Hodges v. Wellons*, 9 N.C. App. 152, 175 S.E. 2d 690 (1970). For the purpose of a motion to dismiss, the allegations of the complaint are treated as true. *Smith v. Ford Motor Co.*, 289 N.C. 71, 221 S.E. 2d 282 (1976). A complaint is sufficient to withstand a motion to dismiss where no insurmountable bar to recovery on the claim alleged appears on the face of the complaint and where allegations contained therein are sufficient to give a defendant notice of the nature and basis of plaintiff's claim so as to enable him to answer and prepare for the trial. *Cassels v. Ford Motor Co.*, 10 N.C. App. 51, 178 S.E. 2d 12 (1970)."

*Industries, Inc. v. Construction Co.*, 42 N.C. App. 259, 263-64, 257 S.E. 2d 50, 54 (1979). Defendants contend that the order of dismissal was proper, because there is an absence of law to support a claim of the sort made. We hold that the trial court erred in dismissing plaintiff's claim on the ground that it failed to state a claim upon which relief can be granted.

In *Insurance Co. v. Holt*, 36 N.C. App. 284, 244 S.E. 2d 177 (1978), we held that claims for relief for attorney malpractice are actions sounding in contract and may properly be brought only by those who are in privity of contract with such attorneys by virtue of a contract providing for the attorney's employment. In *Holt, supra,* a general contractor had sought indemnity from attorneys who had certified title to Chicago Title Insurance Company, which subsequently issued title insurance policies covering the condominium units built and sold by the owner. The general contractor had executed lien waiver forms agreeing to indemnify Chicago Title should it incur any liability as a result of the existence of any unpaid subcontractors who might assert mechanics liens having priority over the insured deeds of trust. A materialman filed a claim which was adjudicated to have priority over the insured deed of trust. Chicago Title satisfied the judgment and sued the general contractor based upon the indemnity agreements contained in the lien waivers. The general contractor impleaded the attorneys, alleging their violation of an affirmative duty to determine whether there were unpaid materialmen or subcontractors.

While rejecting tort as a basis of liability for attorney malpractice, we intimated that if properly alleged in a complaint, a party not in direct privity of contract with an attorney could recover if he could show that he was a third-party beneficiary of the attorney-client employment contract. In doing so, we pointed out that:

> "The complaint contained no allegation that LLA, which is alleged to have employed the appellees to certify title to Chicago Title, had any intent to benefit the appellant or owed him any duty which would be fulfilled by such certification. Neither are there any allegations in the complaint that the appellees promised to, or did in fact, certify the title to the appellant. The intention of the parties to the contract of employment determines whether the plaintiff is a mere incidental beneficiary thereof. Here, the allegations of the complaint do not indicate the parties intended the appellant to be anything more than a mere incidental beneficiary, and as such he cannot maintain a claim for relief upon a breach of contract merely because he would receive a benefit from its performance or because he is injured by the breach thereof. *Matternes v. City of Winston-Salem*, 286 N.C. 1, 209 S.E. 2d 481 (1974). Thus, the trial court properly allowed the appellees' motion to dismiss."

*Insurance Co. v. Holt*, 36 N.C. App. 284, 290-91, 244 S.E. 2d 177, 181-82 (1978).

Despite the liberal nature of the concept of notice pleadings, we hold that plaintiff's complaint does not state a claim of relief based on the theory of the third party beneficiary contract doctrine.

A claim for relief must still satisfy the requirements of the substantive laws which gave rise to the pleadings, and no amount of liberalization should seduce the pleader into failing to state enough to give the substantive elements of his claim. *Sutton v. Duke*, 277 N.C. 94, 176 S.E. 2d 161 (1970).

[1] To establish a claim based on the third party beneficiary contract doctrine, a complaint's allegations must show: (1) the existence of a contract between two other persons; (2) that the contract was valid and enforceable; and (3) that the contract was

entered into for his direct, and not incidental, benefit. *Trust Co.
v. Processing Co.*, 242 N.C. 370, 88 S.E. 2d 233 (1955). Plaintiff's
complaint contains none of these essential allegations. It leaves to
conjecture that which must be stated. Thus, it fails to state a
claim based on the third party beneficiary contract doctrine.
Nevertheless, we hold that entry of the 12(b)(6) dismissal order
was improper.

[2]  In the line of cases since our decision in *Insurance Co. v.
Holt, supra,* we have re-examined the rule prohibiting recovery in
tort by a third person not in privity of contract with a profes-
sional person for negligence in the performance of his employ-
ment contract with his client, even though such negligence was
the proximate cause of a foreseeable injury to the third person.
Thus, we have recognized a cause of action in negligence arising
from the negligent breach of a common law duty of care flowing
from the parties' working relationship. *Industries, Inc. v. Con-
struction Co.*, 42 N.C. App. 259, 257 S.E. 2d 50 (1979), and *David-
son and Jones, Inc. v. County of New Hanover*, 41 N.C. App. 661,
255 S.E. 2d 580 (1979). In disavowing the privity requirement as a
condition to recovery in all cases, quoting from Prosser, Torts 4th
Ed., § 93, p. 662, we opined:

> "[B]y entering into a contract with A, the defendant may
> place himself in such a relation toward B that the law will im-
> pose upon him an obligation, sounding in tort and not in con-
> tract, to act in such a way that B will not be injured. The
> incidental fact of the existence of the contract with A does
> not negative the responsibility of the actor when he enters
> upon a course of affirmative conduct which may be expected
> to affect the interests of another person."

*Industries, Inc. v. Construction Co.*, 42 N.C. App. 259, 271, 257
S.E. 2d 50, 58 (1979). Whether or not a party has placed himself in
such a relation with another so that the law will impose upon him
an obligation, sounding in tort and not in contract, to act in such a
way that the other will not be injured calls for the balancing of
various factors: (1) the extent to which the transaction was in-
tended to affect the other person; (2) the foreseeability of harm to
him; (3) the degree of certainty that he suffered injury; (4) the
closeness of the connection between the defendant's conduct and
the injury; (5) the moral blame attached to such conduct; and (6)

the policy of preventing future harm. *Petrou v. Hale,* 43 N.C. App. 655, 260 S.E. 2d 130 (1979), *dis. rev. denied,* 299 N.C. 332, --- S.E. 2d --- (1980); *Industries, Inc. v. Construction Co., supra; Roberts v. Ball, Hunt, Hart, Brown & Baerwitz,* 57 Cal. App. 3d 104, 128 Cal. Rptr. 901 (1976).

[3]  Taking the allegations in plaintiff's complaint to be true, as we must, and balancing the enumerated factors, we hold that on the facts of this case, plaintiff has stated a cause of action against defendants based in tort.

Plaintiff alleged in its complaint that it had entered into a lease agreement with Burlington Motor Hotel Owners, owners of the Burlington Hilton Inn, to furnish certain furniture, kitchen equipment and fixtures; that the lease agreement was subject to a condition that title opinions be furnished as to the status of the titles of the properties which were to secure the leasing agreement; that defendant Powe, Porter, Alphin & Whichard, P.A. through defendant Miller sent them a letter stating that:

> " '5. We have examined the public records of Alamance County in which is located the 9.97 acre tract adjoining Interstate Highway 85 and Maple Street on the outskirts of the City of Graham, North Carolina, which property is more particularly described in Exhibit E attached hereto, and from such examination it is the opinion of the undersigned that a good and sufficient fee simple title to said premises is vested in Houston P. Sharpe *subject only* to the matters and things set forth below in this paragraph and in paragraph 7 of this letter . . . .' " (Emphasis added.)

that in reliance on the letter sent to it by defendants, it executed the lease agreement; that subsequently, a deed of trust constituting a prior lien on the property in favor of North Carolina National Bank was discovered; and that as a result of the prior undisclosed lien, its equity position in the secured property has been impaired. The furnishing of title opinion was done for the express purpose of inducing plaintiff to lease the sought equipment. It was directly intended to affect plaintiff. It was foreseeable that failure to discover and to disclose prior recorded liens would result in an impairment of the plaintiff's security position in the pledged collateral. It is certain that plaintiff's security lien on the property is subject to the undisclosed North Carolina

National Bank lien and that if defendants had discovered the prior recorded lien, plaintiff's injury would not have been sustained. Under these circumstances, defendants owed a duty to plaintiff to use reasonable care in the performance of its employment contract with Burlington Motor Hotel Owners. A violation of that duty would be negligence, and plaintiff properly stated a cause of action in tort.

Defendants contend that even if dismissal of plaintiff's claim for failure to state a claim was error, the trial court erred in not entering summary judgment in their favor. We disagree.

[4]  The trial court declined to rule on defendant's motion for summary judgment, because it thought the motion was moot since it had granted defendants' 12(b)(6) motion. When a court decides to dismiss an action pursuant to G.S. 1A-1, Rule 12(b)(6), of the Rules of Civil Procedure, any pending motion for summary judgment against the claimant may be treated as moot, and therefore, need not be decided. *Industries, Inc. v. Construction Co., supra.* In ruling on the respective 12(b)(6) motion and the summary judgment motion, the trial court limited its review to the evidentiary materials proper in determining each motion, and, thus, we hold that it did not err in failing to decide defendants' motion for summary judgment.

The trial court's dismissal of plaintiff's claim for failure to state a claim upon which relief can be granted is reversed and remanded.

The trial court's failure to rule on defendants' motion for summary judgment is affirmed. Our holding does not preclude defendants from renewing their motion for summary judgment or plaintiff from renewing its motion to amend.

Affirmed in part, reversed in part, and remanded.

Judges CLARK and ARNOLD concur.