JOSEPHINE GILLIS JENKINS v. AVA LINEBERRY WHEELER, ADMINISTRA-TRIX OF THE ESTATE OF LOUELLA S. WHEELER, AND AVA LINEBERRY WHEELER, INDIVIDUALLY, AVA LINEBERRY WHEELER, EXECUTRIX OF THE ESTATE OF AUSTIN BEDFORD WHEELER, NATIONWIDE MUTUAL IN-SURANCE COMPANY, AND JAMES L. WILSON

No. 8319SC396

(Filed 19 June 1984)

1. **Appeal and Error § 6.2— dismissal of one defendant—interlocutory order—right of immediate appeal**

    Although an order granting one defendant's motion to dismiss was in-terlocutory, it affected a substantial right of appellant and was immediately appealable since multiple trials against different members of the allegedly col-lusive group of defendants could result from a dismissal of the appeal. G.S. 1-277; G.S. 7A-27(d).

2. **Rules of Civil Procedure § 8— sufficiency of complaint**

    An order granting a motion to dismiss is erroneous if the complaint, liberally construed, shows no insurmountable bar to recovery. Dismissal is generally precluded unless plaintiff can prove no set of facts to support the claim for relief.

3. **Attorneys at Law § 5.1— malpractice by attorney representing estate—right of heir to bring action**

    The sole heir of an estate had standing to sue an attorney for malpractice allegedly arising from a conflict of interest and collusion in failing to advise the administratrix to bring a wrongful death action for decedent's death.

4. **Attorneys at Law § 5.1— malpractice action against attorney representing estate—sufficiency of complaint**

    The sole heir of an estate stated a claim for relief for malpractice against the attorney who represented the estate where she alleged that the attorney

(1) failed to list a wrongful death action for decedent's death as an asset of the estate, (2) gave wrongful advice to the administratrix of the estate, and (3) breached his duty to the estate by continuing his representation of conflicting interests.

**5. Attorneys at Law § 5.1— malpractice by attorney representing estate—action by heir not barred by contributory negligence**

Contributory negligence by the sole heir of an estate, if any, in failing to seek removal of the administratrix who had the right to bring an action for decedent's wrongful death did not warrant dismissal of the heir's action against the attorney who represented the estate for malpractice in failing to advise the administratrix to bring a wrongful death action where the heir repeatedly requested that a wrongful death action be brought and offered to pay all expenses for it, and she was confronted by alleged collusion and willful obstruction on the part of the attorney and the administratrix.

APPEAL by plaintiff from *Lane, Judge.* Order entered 8 February 1983 in Superior Court, RANDOLPH County. Heard in the Court of Appeals 7 March 1984.

*Ottway Burton, P.A., for plaintiff appellant.*

*Moser, Ogburn, Heafner & Miller, by D. Wescott Moser and Michael C. Miller, for defendant appellee.*

BECTON, Judge.

Plaintiff Jenkins is the sole heir of her natural mother, Louella Wheeler. Louella Wheeler was a passenger in a truck driven by her husband, Austin Wheeler, which was involved in a one vehicle accident on 19 May 1980. Louella Wheeler died 20 August 1980. Austin Wheeler, Louella Wheeler's second husband and no blood relation to Jenkins, renounced the administratorship in favor of his sister, Ava Wheeler, who qualified as administratrix of Louella Wheeler's estate. Austin Wheeler committed suicide at some point thereafter, and Ava Wheeler qualified to administer his estate as well. At the time of the accident, Austin Wheeler had an automobile liability insurance policy with Nationwide Mutual Insurance Company with a policy limit of $25,000.

On 18 August 1982, Jenkins filed this action against Ava Wheeler, her attorney, James Wilson, and Nationwide. In essence, the Complaint alleged that defendants had breached various fiduciary duties and conspired to deprive Jenkins of any recovery on the Nationwide policy. As to attorney Wilson, the Complaint

alleged that he failed to advise Ava Wheeler to list the wrongful death action as an asset of Louella's estate, that he improperly continued representation of conflicting interests, and that he wilfully refused to proceed with the wrongful death action despite Jenkins' insistence and offers to pay all costs, thus breaching the applicable standards of professional skill and ethics. Attorney Wilson's motion to dismiss was granted 8 February 1983; from that order Jenkins appeals.

I

[1] The order granting defendant Wilson's motion to dismiss was interlocutory, since other defendants remain in the action. It would not ordinarily be appealable. *Teachy v. Coble Dairies, Inc.,* 306 N.C. 324, 293 S.E. 2d 182 (1982) (dismissal only appealable if it discontinues the case); *see also* 2A J. Moore and J. Lucas, *Moore's Federal Practice* § 12.14 at 2341 (2d ed. 1984) (dismissal as to co-defendants under Rule 12 not ordinarily appealable). However, since multiple trials against different members of the same allegedly collusive group could result from dismissal of this appeal, we hold that the order affected a substantial right claimed by the appellant and will work a substantial injury to her if not corrected before an appeal from the final judgment. It is therefore immediately appealable. N.C. Gen. Stat. § 1-277 (1983); N.C. Gen. Stat. § 7A-27(d) (1981); *Bernick v. Jurden,* 306 N.C. 435, 293 S.E. 2d 405 (1982).

II

[2] An order granting a motion to dismiss is erroneous if the complaint, liberally construed, shows no insurmountable bar to recovery. Dismissal is generally precluded unless plaintiff can prove no set of facts to support the claim for relief. *See, e.g., Snug Harbor Property Owners Ass'n v. Curran,* 55 N.C. App. 199, 284 S.E. 2d 752 (1981), *disc. rev. denied,* 305 N.C. 302, 291 S.E. 2d 151 (1982). For purposes of a motion to dismiss, the allegations in the complaint must be treated as true, and the complaint is sufficient if it supports relief on *any* theory. *Brewer v. Hatcher,* 52 N.C. App. 601, 279 S.E. 2d 69 (1981). Under the notice theory of pleading of our Rules of Civil Procedure a complaint should not be dismissed merely because it amounts to a "defective statement" of a good cause of action. *Lupo v. Powell, Comm'r of Motor Vehicles,* 44 N.C. App. 35, 259 S.E. 2d 777 (1979).

## III

The Complaint alleged that Wilson's acts of professional malpractice resulted in the administratrix's failure to sue Nationwide and the consequent loss of Jenkins' right to any recovery based on Austin Wheeler's negligence. Since ordinarily only Ava Wheeler, the administratrix, could properly bring suit for Louella Wheeler's wrongful death, and since any such recovery would have inured only to the benefit of Jenkins, Jenkins now seeks to recover the lost award from Wilson. Wilson argues (1) that Jenkins has no standing to bring the action, (2) that she has alleged no negligence, and (3) that she is barred by her own contributory negligence as a matter of law. We disagree.

## IV

[3]   North Carolina now recognizes a cause of action in tort by non-client third parties for attorney malpractice. *United Leasing Corp. v. Miller*, 45 N.C. App. 400, 263 S.E. 2d 313, *disc. rev. denied*, 300 N.C. 374, 267 S.E. 2d 685 (1980). We established a general balancing test in *United Leasing*:

> Whether or not a party has placed himself in such a relation with another so that the law will impose upon him an obligation, sounding in tort and not in contract, to act in such a way that the other will not be injured calls for the balancing of various factors: (1) the extent to which the transaction was intended to affect the other person; (2) the foreseeability of harm to him; (3) the degree of certainty that he suffered injury; (4) the closeness of the connection between the defendant's conduct and the injury; (5) the moral blame attached to such conduct; and (6) the policy of preventing future harm.

45 N.C. App. at 406-07, 263 S.E. 2d at 318. Taking the Complaint in the present case as true and evaluating it in light of these factors, we conclude that Jenkins had standing to sue Wilson for his actions as legal representative of the estate.

First, harm to Jenkins as a result of Wilson's failure to press a meritorious claim was eminently foreseeable: Jenkins was the sole heir of Louella Wheeler's estate and any recovery would have inured to her benefit. Second, it is reasonably certain, again taking the complaint as true, that Jenkins suffered injury, since the complaint properly alleges facts regarding Austin Wheeler's

negligence which would have entitled Jenkins to recovery, if the suit had been brought. Third, there were no intervening circumstances between Wilson's allegedly negligent conduct and Jenkins' loss, except the possibility of no recovery on the suit not filed. Since the complaint alleges facts which, if true, would entitle Jenkins to recovery, this connection is sufficiently close. Fourth, if plaintiff's allegations of conflict of interest and collusion are correct, Wilson's position is not morally sustainable under current conceptions of professional responsibility. And, finally, public policy has always required that attorneys represent their clients zealously. When the client merely *represents* a class of beneficiaries, the attorney should consider the beneficiaries' interests, without undue concern for the interests of the legal representative. We therefore hold that Wilson owed Jenkins a duty to use reasonable care in representing Louella Wheeler's estate, and that Jenkins had standing to sue Wilson in tort.

V

[4]    We next turn to the question of whether Jenkins has properly alleged a violation of that duty. As noted above, Jenkins alleged (1) failure to list the wrongful death action as an asset of Louella's estate, (2) wrongful legal advice to Ava Wheeler, and (3) a conflict of interest. Wilson apparently should have listed the action as an asset of the estate; amounts so received are assets at least to the extent of funeral and limited medical expenses. N.C. Gen. Stat. § 28A-18-2(a) (Supp. 1983). To the extent that Jenkins thus would have had earlier notice of the existence of these assets and a better opportunity to protect her rights, the complaint thus raises a question of malpractice.

Jenkins' allegation that Wilson breached his duty to Louella Wheeler's estate by continuing his representation of conflicting interests also can support the claim. Wilson admits that he continued to represent Ava Wheeler even after she became the representative of both Austin Wheeler and Louella Wheeler. In a suit by Louella Wheeler's estate against Austin Wheeler's estate, any recovery by Louella Wheeler's estate in excess of the insurance policy limit could only come out of Austin Wheeler's intestate estate. Because Jenkins had not been legally adopted by Austin Wheeler and was only related to him through his marriage to Louella Wheeler, her natural mother, she had no beneficial in-

terest in Austin Wheeler's estate. *See* N.C. Gen. Stat. § 29-15 (1976) (shares of other than spouse); N.C. Gen. Stat. § 29-17(a) (1976) (rights of adopted children); *In re Will of Wall*, 216 N.C. 805, 5 S.E. 2d 837 (1939); 26A C.J.S. *Descent & Distribution* § 34 at 578 (1956). Significantly, Ava Wheeler had a beneficial interest in Austin Wheeler's estate as his sister. G.S. § 29-15(4) (1976). Blocking a suit by Louella Wheeler's estate advanced Ava Wheeler's beneficial interest, and she, therefore, had conflicting interests of her own.

By continuing to represent both of these conflicting interests, Wilson subjected himself to an action for malpractice. "A lawyer shall not continue multiple employment if the exercise of his independent professional judgment in behalf of a client will be or is likely to be adversely affected by his representation of another client, except to the extent permitted under DR 5-105(C) [requiring full disclosure]." 4A N.C. Gen. Stat. App. VII, N.C. State Bar, Code of Professional Responsibility, DR 5-105(B) (Supp. 1983). "An attorney's representation of two or more clients with adverse or conflicting interests constitutes such misconduct as to subject him to liability for malpractice, unless the attorney has obtained the consent of the clients after full disclosure of all the facts concerning the dual representation." 7 Am. Jur. 2d *Attorneys at Law* § 198, at 248 (1980); *see also* Annot., 28 A.L.R. 3d 389 (1969); *Woodruff v. Tomlin*, 593 F. 2d 33 (6th Cir. 1979) (error to dismiss malpractice claim based on conflict of interest where attorney represented two sisters, driver and injured passenger). Nothing suggests that Wilson ever informed Ava Wheeler of this conflict; in fact, she alleged that she was without knowledge to answer Jenkins' allegations. We hold that Jenkins has sufficiently alleged malpractice on Wilson's part.

Jenkins also alleged that Wilson's legal advice to Ava Wheeler was wrongful and therefore also actionable. We are aware that an attorney acting in good faith and in an honest belief that his or her advice is well-founded is not answerable for mere errors of judgment. *Quality Inns Int'l, Inc. v. Booth, Fish, Simpson, Harrison and Hall*, 58 N.C. App. 1, 292 S.E. 2d 755 (1982). However, the complaint in this case alleges not only that Wilson represented conflicting interests but that he was in collusion with the other defendants. Under the circumstances, we hold that plaintiff has adequately pleaded bad faith on Wilson's part.

We further conclude that the Complaint makes out a case of negligence against Wilson and should not have been dismissed on that ground.

## VI

[5] Wilson finally contends that even if Jenkins has stated a malpractice claim, it is barred by her contributory negligence as a matter of law. Rather than sue for the lost cause of action, he argues, Jenkins' proper remedy was to seek removal of Ava Wheeler as administratrix. *See* N.C. Gen. Stat. § 28A-9-1 (1976).

Jenkins repeatedly requested that the cause of action be brought, and she offered to pay all expenses for it. However, she was confronted with alleged collusion and willful obstruction. So, within the two-year statute of limitations period, she filed the present action. We note that although Ava Wheeler was the proper party to bring the wrongful death action, G.S. § 28A-18-2(a) (1976), the "proper party" rules in this type of case have been relaxed in similar situations. *Spivey v. Godfrey*, 258 N.C. 676, 129 S.E. 2d 253 (1963) (creditors or next of kin may bring action where administrator in collusion with debtor or other circumstances warrant relief); *Graves v. Welborn*, 260 N.C. 688, 133 S.E. 2d 761 (1963) (action brought in good faith by one who later qualified as administrator related back to filing). Jenkins complied with all the prerequisites of *Spivey v. Godfrey*. On this record, we cannot say that her contributory negligence, if any, was such as to warrant dismissal under N.C. Gen. Stat. § 1A-1, Rule 12(b)(6) (1983).

## VII

We conclude that Jenkins has standing to state, and has stated, a claim against Wilson. The trial court therefore erred in granting Wilson's motion to dismiss. The order appealed from is accordingly

Reversed.

Judges WEBB and EAGLES concur.