BRAD RAGAN, INC., D/B/A CAROLINA TIRE COMPANY v. CALLICUTT ENTERPRISES, INC., AND BOBBY RAY LEWIS

No. 8419DC533

(Filed 19 February 1985)

1. **Contracts § 25.1— agreement to pay debt—sufficiency of complaint**

   Where plaintiff's complaint alleged that plaintiff sold tires to defendant Callicutt on credit, defendant Callicutt sold trucks on which the tires were mounted to defendant Lewis, and Lewis orally promised that he would pay plaintiff for the tires, plaintiff's complaint sufficiently alleged that the promise sued upon was made to Callicutt, and gave defendant Lewis fair notice of the claim against him and the grounds on which it rested.

2. **Contracts § 25.1— contract for benefit of third party—action not barred by statute of frauds**

   Plaintiff's claim against defendant Lewis to recover for the cost of tires sold to defendant Callicutt was not barred by the statute of frauds, G.S. 22-1, since a promise, as in this case, to the debtor to pay the debtor's debts, in contrast to a promise to the creditor to pay debts owed by another, is not contemplated by the statute of frauds.

3. **Contracts § 25.1— contract for benefit of third party—sufficiency of complaint**

   Plaintiff's complaint adequately stated a claim based on third-party beneficiary contract doctrine where it alleged that defendant Lewis promised defendant Callicutt that he would make payments to plaintiff for tires sold by plaintiff to Callicutt.

APPEAL by plaintiff from *Horton, Judge.* Judgment entered 2 March 1984 in District Court, CABARRUS County. Heard in the Court of Appeals 15 January 1985.

*Griggs, Scarbrough & Rogers, by James E. Scarbrough, for plaintiff appellant.*

*Robert M. Critz for defendant appellee.*

WHICHARD, Judge.

Plaintiff appeals from a judgment dismissing its complaint for failure to state a claim upon which relief can be granted, G.S. 1A-1, Rule 12(b)(6). We reverse.

Plaintiff sold tires to defendant Callicutt (Callicutt) on credit. Callicutt sold trucks on which the tires were mounted to defendant Lewis (defendant). Plaintiff contends that, in return for the sale of the trucks and tires, defendant Lewis orally promised Callicutt that he would pay plaintiff for the tires. Callicutt has filed for bankruptcy and plaintiff has taken no further action against it.

Defendant contends: that the complaint fails to serve adequate notice of the claim as required by G.S. 1A-1, Rule 8(a)(1); that the agreement sued upon is barred by the statute of frauds, G.S. 22-1; and that the complaint does not state a claim based on third-party beneficiary contract doctrine. We disagree with each contention.

The general rule is that a complaint should not be dismissed for failure to state a claim unless it appears to a certainty that plaintiff can prove no set of facts which would entitle him or her to relief. *Sutton v. Duke*, 277 N.C. 94, 102-03, 176 S.E. 2d 161, 166 (1970).

> A complaint is sufficient to withstand a motion to dismiss where no insurmountable bar to recovery on the claim alleged appears on the face of the complaint and where allegations contained therein are sufficient to give a defendant sufficient notice of the nature and basis of plaintiffs' claim to enable him to answer and prepare for trial.

*Cassels v. Motor Co.*, 10 N.C. App. 51, 55, 178 S.E. 2d 12, 15 (1970); *see also Leasing Corp. v. Miller*, 45 N.C. App. 400, 403-04, 263 S.E. 2d 313, 316, *disc. rev. denied*, 300 N.C. 374, 267 S.E. 2d 685 (1980).

[1] Defendant contends that the complaint is not sufficiently particular in that it fails to allege to whom the promise sued upon was made. The complaint in pertinent part states:

> 6. That Plaintiff is informed, believes and alleges that Defendant Callicutt sold the tires to Defendant Lewis and informed Defendant Lewis that purchase money was owed to Plaintiff on the tires. Plaintiff is also informed, believes and

alleges that Defendant Lewis orally promised to make payment to Plaintiff for the tires.

Taken in context we believe the agreement is adequately alleged to have been between defendant and Callicutt.

*Sutton*, 277 N.C. 94, 176 S.E. 2d 161, provides a standard for measuring sufficiency of pleadings under G.S. 1A-1, Rule 8(a)(1):

> A pleading complies with the rule if it gives sufficient notice of the events or transactions which produced the claim to enable the adverse party to understand the nature of it and the basis for it, to file a responsive pleading, and—by using the rules provided for obtaining pretrial discovery—to get any additional information he may need to prepare for trial.

*Sutton*, 277 N.C. at 104, 176 S.E. 2d at 167. We hold that, judged by this standard, plaintiff's complaint satisfies the requirements of Rule 8(a)(1) in that it gives defendant fair notice of the claim against him and the grounds on which it rests. Defendant can, through pretrial discovery, ascertain more precisely the details of the claim asserted.

[2] Defendant contends that plaintiff's claim is barred by G.S. 22-1, which states, "[no] action shall be brought . . . to charge any defendant upon a special promise to answer the debt, default or miscarriage of another person, unless the agreement upon which such action shall be brought, or some memorandum or note thereof, shall be in writing . . . ."

The classic instance of a promise within the provisions of this section is the promise made to a creditor to gain credit for another: "If he does not pay you, I will." This is a collateral promise and must be in writing. *Goldsmith v. Erwin*, 183 F. 2d 432, 436 (4th Cir. 1950) *citing Farmers Federation, Inc. v. Morris*, 223 N.C. 467, 468, 27 S.E. 2d 80, 81 (1943).

The purpose of G.S. 22-1 is to protect the promisor from the promisee.

> There is a temptation for a promisee, in a case where the real debtor has proved insolvent or unable to pay, to enlarge the scope of the promise. . . . Moreover, . . . it is so obviously just that a promisor receiving none of the benefits for

which the debt was incurred should be bound only by the exact terms of his promise.

72 Am. Jur. 2d, *Statute of Frauds*, Sec. 179 at 709-10 (1974).

However, "[if] the promise to assume the obligation of the debtor is made to a person other than the one presently entitled to enforce the liability . . ., such promise is not one to answer for the debt of another" and is not within the statute of frauds. *Id.* Sec. 187 at 715. "A promise . . . made to the debtor for an adequate consideration, to discharge the debt, is not regarded as a promise to answer for the debt of another within the meaning of the statute . . . ." *Id.* Sec. 209 at 737.

Thus, for defendant to fall within the protection of the statute, he would have to have promised plaintiff, the creditor, that he would answer for the debt of Callicutt. A promise, as here, to the debtor to pay the debtor's debts—in contrast to a promise to the creditor to pay debts owed by another—is not contemplated by the statute of frauds.

If the facts are as plaintiff alleges, as upon a motion to dismiss we must take them to be, *Smith v. Ford Motor Co.*, 289 N.C. 71, 80, 221 S.E. 2d 282, 288 (1976), defendant agreed with Callicutt to purchase trucks and tires and to pay for the tires directly to plaintiff. Defendant's promise "is to pay the debt, not of another person, but of the *very person* to whom the promise is made, and it is well settled that such a promise does not fall within the operation of . . . the statute." *Rice v. Carter*, 33 N.C. 298 (1850) (where plaintiff sold land to defendant in exchange for defendant's verbal promise to pay certain persons to whom plaintiff was indebted, held not a promise to pay the debt of another). A purchaser of property who agrees, in payment of its price, to discharge a debt due by the seller, is not protected by the statute of frauds. *Satterfield v. Kindley*, 144 N.C. 455, 459-60, 57 S.E. 145, 146 (1907) (a deed to defendants in consideration of their paying the vendor's debts not within the statute of frauds). The sale of trucks and tires here is analogous to the sale of a partnership, a business interest, or a stock of goods upon an agreement to take the goods and pay the debts. For a purchaser who takes the goods under such an agreement the statute of frauds is no defense. *See id.* at 460, 57 S.E. at 147.

[3]   Defendant also contends that plaintiff has failed to state a claim as a third-party beneficiary of the contract between defendant and Callicutt. It is well settled that a stranger to a binding contract made for his or her benefit may sue to enforce it. *Trust Co. v. Processing Co.*, 242 N.C. 370, 379, 88 S.E. 2d 233, 239 (1955). The third-party need not be the sole beneficiary of the contract. *Id.* Nor need the third-party have known of the contract at the time it was made. 17A C.J.S. *Contracts* Sec. 519(4) at 980 (1963).

A claim based on third-party beneficiary contract doctrine must satisfy the requirements of the substantive laws which give rise to the pleadings. *Leasing Corp.*, 45 N.C. App. at 405, 263 S.E. 2d at 317. To withstand a motion to dismiss for failure to state a claim, plaintiff's allegations must show the existence of a valid and enforceable contract between two other persons entered into for plaintiff's direct benefit. *Id.* at 405-06, 263 S.E. 2d at 317. In *Leasing Corp.*, 45 N.C. App. 400, 263 S.E. 2d 313, the Court found that plaintiff's complaint lacked these essential allegations and thus failed to state a claim under the doctrine. That is not the case here. Plaintiff alleges an oral promise by defendant to "make payments to Plaintiff for the tires." We have held that plaintiff's complaint complies with the requirements of Rule 8(a)(1). Under the concept of notice pleading previously discussed, we also hold that the complaint adequately states a claim based on third-party beneficiary contract doctrine.

For the foregoing reasons, defendant's motion to dismiss was improperly granted.

Reversed.

Chief Judge HEDRICK and Judge PARKER concur.