835 F.2d 875
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
SYSTEMS CRAFT, INC., Plaintiff-Appellant,
v.
BRITISH-AMERICAN INSURANCE COMPANY, LTD., Defendant-Appellee.
 No. 87-1627.
 United States Court of Appeals, Fourth Circuit.
 Argued Nov. 4, 1987.
Decided Dec. 2, 1987.
 
 Lacy Martin Presnell, III (Burns, Day & Presnell, P.A. on brief) for appellant.
 Arthur W. O'Connor, Jr. (George R. Ragsdale; Marlene A. Spritzer, LeBoeuf, Lamb, Leiby & MacRae on brief) for appellee.
 Before WIDENER, CHAPMAN and WILKINS, Circuit Judges.
 PER CURIAM:
 
 
 1
 Systems Craft, Inc. appeals from the dismissal of its breach of contract action against British-American Insurance Company, Ltd. We reverse and remand.
 
 I.
 
 2
 In August 1982 British-American and Eskridge International, Inc. entered into an agreement to develop the moderate and low priced housing market in the Bahamas through the importation of modular housing units from the United States. Under the terms of the agreement, Eskridge was responsible for all domestic United States activities with regard to the manufacture and export of the units. It was to sell the units to Bramco Housing, Ltd., a Bahamian corporation created by British-American pursuant to the agreement. Bramco was responsible for all activities in the Bahamas. In January 1983 British-American executed a guaranty agreement promising that Bramco would purchase a minimum of ten units per month from Eskridge between March 1, 1983 and December 31, 1983.
 
 
 3
 In December 1986 Systems Craft, the manufacturer of the units, brought suit against British-American for breach of the guaranty agreement. Systems Craft alleged that it was specifically created for the purpose of manufacturing the units which were to be purchased by Eskridge and sold to Bramco and that it was the third party beneficiary of the guaranty agreement. It further alleged that Bramco had failed to purchase the minimum number of units required.
 
 
 4
 In its answer, British-American moved to dismiss the complaint pursuant to Fed.R.Civ.P. 12(b)(6) for failure to state a claim upon which relief can be granted. The district court denied the motion based on the failure of British-American to offer legal argument or evidence to support the motion and its failure to file an accompanying memorandum as required by the local district court rules. British-American promptly filed a motion for reconsideration which the district court granted, ultimately dismissing the complaint for failure to properly allege a third party beneficiary claim.
 
 II.
 
 5
 On a motion to dismiss, the inquiry is whether the allegations are "a short and plain statement of the claim showing that the pleader is entitled to relief" as required by Fed.R.Civ.P. 8(a)(2). Bolding v. Holshouser, 575 F.2d 461, 464 (4th Cir.), cert. denied, 439 U.S. 837 (1978). The complaint must be construed in the light most favorable to the plaintiff and its allegations taken as true. Jenkins v. McKeithen, 395 U.S. 411, 421 (1969). "[A] complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Conley v. Gibson, 355 U.S. 41, 45-46 (1957) (footnote omitted).
 
 
 6
 To establish a claim based on the third party beneficiary contract doctrine under North Carolina law, a plaintiff must allege in the complaint: "(1) the existence of a contract between two other persons; (2) that the contract was valid and enforceable; and (3) that the contract was entered into for his direct, and not incidental, benefit." United Leasing Corp. v. Miller, 45 N.C.App. 400, 263 S.E.2d 313, 317, disc. review denied, 300 N.C. 374, 267 S.E.2d 685 (1980). The critical factor is the intention of the parties who actually made the contract. Vogel v. Reed Supply Co., 277 N.C. 119, 177 S.E.2d 273, 279 (1970). The district court dismissed the complaint, finding nothing in the complaint or the appended copy of the guaranty agreement which suggested that either British-American or Eskridge had any intent to make Systems Craft a third party beneficiary of the contract.
 
 
 7
 Liberally construed, the complaint states a third party beneficiary claim. Systems Craft, formerly known as Caribbean Homes, Inc., sufficiently alleged intent in paragraphs 19 and 23 of the complaint:
 
 
 8
 In January, 1983, British-American executed a Guaranty Agreement whereby British-American guaranteed the purchase by its majority-owned subsidiary, Bramco, of a minimum of 10 modular housing units per month from Eskridge between March 1, 1983 and December 31, 1983. This guaranty executed by British-American and accepted by Eskridge was for the benefit of Caribbean.
 
 
 9
 ....
 
 
 10
 These guaranty agreements were executed by British-American for the benefit of Caribbean and were used by Caribbean to secure necessary financing for the creation of Caribbean and to enable Caribbean to obtain financing to manufacture the modular housing units for Bramco.
 
 
 11
 British-American contends that the district court properly dismissed the complaint because the guaranty agreement unambiguously declared the sole intent of the parties: "The purpose of this 'guaranty' is only to establish a production schedule." British-American argues that the absence of any reference to Systems Craft and the use of the term "only" negates any intent to benefit Systems Craft, and asserts that the parol evidence rule prevents Systems Craft from contradicting the language of the guaranty agreement.
 
 
 12
 North Carolina courts do not apply the parol evidence rule with great strictness in cases involving third party beneficiaries. CF Industries v. Transcontinental Gas Pipe Line, 448 F.Supp. 475, 479 (W.D.N.C.1978). The court may look outside the four corners of the contract to determine the intent of the parties regarding any potential third party beneficiary. Id. Here, the allegations of the complaint preclude dismissal for failure to state a claim upon which relief can be granted.
 
 
 13
 The case is remanded to the district court for further proceedings not inconsistent with the opinion, including addressing the motion of British-American to add other defendants by cross-claim.
 
 
 14
 REVERSED AND REMANDED.