911 F.2d 724
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Nancy RONEMUS, Plaintiff-Appellant,
v.
James E. BRADLEY, Jr., Roberts, Cogburn, McClure and
Williams, a partnership, now known as Roberts,
Stevens & Cogburn, P.A., Michael L.
Miller, Roberts, Stevens &
Cogburn, P.A.,
Defendants-Appellees,
Interstate Securities Corporate and William C. Jordan, Defendants.
 No. 89-1536.
 United States Court of Appeals, Fourth Circuit.
 Submitted Feb. 13, 1990.
Decided Aug. 1, 1990.
 
 Appeal from the United States District Court for the Western District of North Carolina, at Asheville. Richard L. Voorhees, District Judge. (CA-88-61-A-C)
 Michael B. Ronemus, New York, N.Y., for appellant.
 James E. Walker, Kennedy, Covington, Lobdell & Hickman, Charlotte, N.C., Douglas M. Martin, Poyner & Spruill, Charlotte, N.C., for appellees.
 Before CHAPMAN and WILKINS, Circuit Judges, and BUTZNER, Senior Circuit Judge.
 PER CURIAM:
 
 
 1
 Nancy Ronemus appeals from the district court's order granting summary judgment to attorney Michael L. Miller and the law firm of Roberts, Stevens & Cogburn on three claims of common law fraud, professional negligence, and civil conspiracy. For the reasons stated below, we reverse and remand for a trial on the professional negligence claim.
 
 
 2
 * Nancy Ronemus filed a complaint against a broker, a brokerage company, Miller, a law firm, and an entrepreneur stating numerous violations of federal and state securities law, RICO, and state common law. The complaint alleged that a broker named William C. Jordan contacted Ronemus about investing in a land development deal. Jordan represented that an investment of $10,000 would entitle her to generous returns and a partnership interest in Dawson Realty. She initially invested $10,000. Jordan advised her that her investment was at risk unless she invested more money. She subsequently invested an additional $25,000 and signed a partnership agreement.
 
 
 3
 Jordan and Miller, an attorney at Roberts, Stevens & Cogburn who represented the partnership, advised Ronemus in a telephone conversation that her investment might be forfeited due to financing difficulties. She allegedly followed Miller's advice to mail him a letter stating that $25,000 of the investment was a personal loan to Jordan. Jordan sent her a check for $25,000, but there were insufficient funds in the bank to cover the check. Ronemus discovered that the land deal was a sham and recovered only a fraction of her investment.
 
 
 4
 The district court dismissed the action for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). Without questioning the dismissal of other defendants, Ronemus moved for reconsideration of the court's dismissal of the common law fraud, professional negligence, and civil conspiracy claims against Miller and Roberts, Stevens & Cogburn. Pending the court's ruling on the motion to reconsider, Miller and his firm filed a motion for summary judgment which the court granted.
 
 II
 
 5
 Ronemus argues first that the district court improperly required privity between Ronemus and Miller as a predicate for a professional negligence claim. We agree that privity is not a necessary element of an attorney malpractice tort claim under North Carolina law. Jenkins v. Wheeler, 69 N.C.App. 140, 143, 316 S.E.2d 354, 356-57 (1984); United Leasing Corp. v. Miller, 45 N.C.App. 400, 407-08, 263 S.E.2d 313, 317-18 (1980). However, we do not believe that the basis of the district court's opinion was the lack of privity but rather the court's perceived absence of a genuine issue of material fact.
 
 III
 
 6
 Ronemus also contends that summary judgment was improperly granted because her complaint and affidavit raise a genuine issue whether Miller and his law firm were negligent. Her complaint states that Miller knew that the $25,000 was not a personal loan to Jordan but nevertheless advised Ronemus to write a letter stating that it was. She claims also that Miller knew that Jordan had no funds when he promised to repay the $25,000. She further alleges that Miller did not advise her of Jordan's resignation from Interstate during a telephone conversation. The complaint lists these examples of Miller's failure to represent the partnership in accordance with professional standards:
 
 
 7
 Among other things, Miller failed to determine the truth or falsity of statements made to him by Jordan, failed to determine if the property had been acquired by the group from which the partnership was to purchase, failed to adequately advise the partners of the risks associated with this sale of securities, failed to contact other parties to the transaction such as Interstate and the purported developers, failed to determine if the partners' money had in fact been placed in escrow, failed to determine if funds in escrow were still in escrow or properly paid out.
 
 In an affidavit, Ronemus stated that she
 
 8
 had absolutely no idea that my various investments were at jeopardy until on or about March 17, 1985, when I received a telephone call from Michael L. Miller and William C. Jordan, in which I was informed my investments were subject to forfeiture.
 
 
 9
 At all times prior to March 17, 1985, I was confident my investments were secure because, among other things, I considered Michael Miller to be my attorney and that accordingly he would advise me if my investments were at risk.
 
 
 10
 Federal Rule of Civil Procedure 56 states that summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." The moving party has the burden to show the absence of any genuine issue of material fact. The facts must be viewed in the light most favorable to the nonmoving party. Ross v. Communications Satellite Corp., 759 F.2d 355, 364 (4th Cir.1985). The court must review the evidence to determine whether a reasonable jury could return a verdict for the nonmoving party. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).
 
 
 11
 We find that summary judgment on the professional negligence claim is inappropriate because facts material to deciding Miller's liability are in dispute. For example, there is a disagreement about Miller's advice to Ronemus in a phone conversation. Ronemus alleges that Miller advised her to write a letter stating that the $25,000 was a loan to Jordan. Miller admits that he received a letter from Ronemus stating, "I supplied $10,000.00 (Ten Thousand Dollars) to Dawson Realty Co. and $25,000.00 (Twenty-Five Thousand) to Bill Jordan, personally. The $25,000.00 is being returned to me by Bill Jordan." He recalls several phone conversations with Ronemus around the date of the letter but denies that he knowingly made any false or inaccurate statements in these conversations. Accepting Ronemus' version of the story as true, one reasonable inference is that Miller requested this letter to conceal the fact that Ronemus intended the money to be equity in a partnership.
 
 
 12
 Further, we note that a jury recently found Miller liable to other partners of Dawson Realty for malpractice related to the same fraudulent land deal. Hunt v. Interstate Securities Corp., No. 89-2315 (4th Cir. July 18, 1990). The Fourth Circuit remanded the case for a new trial to allow Miller to raise a contributory negligence defense. Hunt, slip op. at 17-19. Ronemus' malpractice claim, which arises out of similar facts, should also go to trial.
 
 IV
 
 13
 Miller's argument that the statute of limitations bars the negligence claim is without merit. North Carolina's three-year statute of limitations for professional negligence claims accrues "at the time of the occurrence of the last act of the defendant giving rise to the cause of action." N.C.Gen.Stat. Sec. 1-15(c) (1983). The statute is clear that the one-year discovery rule is intended only to lengthen, not shorten, the three-year period. Central to Ronemus' claim was a telephone conversation with Miller and Jordan around March 17, 1985. The March 7, 1988, complaint was within three years of this conversation and thus is clearly timely.
 
 
 14
 REVERSED AND REMANDED.