HARWELL ENTERPRISES, INC. v. GARY L. HEIM, INDIVIDUALLY, AND GARY L. HEIM AND DWIGHT BALLARD, TRADING AS METRO SCREEN ENGRAVING COMPANY

No. 6927SC532

(Filed 19 November 1969)

**1. Appeal and Error § 45—  the brief — abandonment of exceptions**

Exceptions and assignments of error not set out in appellant's brief are deemed abandoned. Rule of Practice in the Court of Appeals No. 28.

**2. Pleadings § 19—  demurrer — admission of facts**

The demurrer admits the facts pleaded in the complaint, but it does not admit any legal inferences or conclusions of law asserted by the pleader.

**3. Master and Servant § 11—  employment contracts — restrictive covenants — enforcement**

Restrictive covenants in employment contracts, otherwise reasonable, will be enforced by a court of equity if they are no wider than reasonably necessary for the protection of the employer's business and do not impose

undue hardship on the employee, due regard being had to the public interest.

**4. Master and Servant § 11— employment contract — burden of proof**

The burden is on the plaintiff to establish the reasonableness of an employment contract containing a restrictive covenant not to engage in competition.

**5. Master and Servant § 11— action on employment contract — covenant not to compete — sufficiency of allegations**

In an action by plaintiff to restrain its former employee from engaging in the silk screen processing business in the United States for a period of two years in violation of the terms of a restrictive covenant in the employment contract, allegations that plaintiff's businesses are conducted throughout the United States and include all phases of silk screen processing and that defendant is interfering with its silk screen processing business in the territory surrounding a certain municipality in this State, *held* demurrable, there being no allegations that defendant is interfering with plaintiff's other businesses throughout the country.

APPEAL by plaintiff and defendant Ballard from *Ervin, J.,* 22 September 1969 Session of the GASTON Superior Court.

Plaintiff, Harwell Enterprises, Inc., (Harwell), employed defendant, Gary L. Heim (Heim), on 27 September 1967 pursuant to a written contract. Heim voluntarily left the employ of Harwell on 11 February 1968. Immediately thereafter, Heim and another former employee of Harwell, defendant Dwight Ballard (Ballard), set up the Metro Screen Engraving Company in Gastonia to engage in the silk screen processing business in competition with Harwell.

The employment contract provided:

"THIS AGREEMENT, executed in duplicate, sets forth the agreement between Gary L. Heim (Employee), and HARWELL ENTERPRISES, INC., (Employer), covering certain aspects of employment with Harwell Enterprises, Inc.

Harwell Enterprises, Inc., is engaged in various business endeavors including all phases of silk screen processing, plastics, importing and various other ventures which will materialize during the time of my employment with HARWELL ENTERPRISES, INC. The nature of these operations or businesses will depend upon constant engineering, research, development, manufacturing, and processes which are of a secret and confidential nature necessary to maintain its business, and in order to continue as a company in these fields.

THEREFORE, in consideration of the above and in consideration of employment or continued employment with Har-

well Enterprises, Inc., and the payment of wages during employment, it is understood and agreed as follows:

*   *   *

6. I further agree that I will not, after the termination of my employment with Harwell Enterprises, Inc., for any cause whatsoever, engage either directly or indirectly on my own behalf, or on behalf of any other person, persons, firm, partnership, company, or corporation in the business of silk screen processing or any other business providing products and services similar in nature to those of Harwell Enterprises, Inc., or in any competitive business in the United States for a period of two (2) years from the date of the termination of my employment.

IN WITNESS WHEREOF, Gary L. Heim has hereto set his hand and seal, and Harwell Enterprises, Inc., has caused this agreement to be executed in its name by its President and its corporation seal to be hereto affixed and attested by its Secretary, this the 27th day of September, 1967."

This suit is for an injunction to restrain Heim from engaging in any other business similar to Harwell's in violation of the terms of the contract; to restrain Ballard for participating in any such business effort with Heim; to require Heim to account for all money earned by engaging in the silk screen processing business in violation of his contract with Harwell; for all past and anticipated money damages to Harwell as a result of the breach of the contract; and for costs of this action.

Plaintiff alleged that its business consists "of various business endeavors including all phases of silk screen processing, plastics, importing and various other ventures throughout the United States"; that Heim has contacted customers being served by Harwell in Gastonia, North Carolina and Clover, South Carolina, and is actually supplying silk screen processing equipment and materials to them; that these concerns were customers of Harwell during the employment of Heim. Heim also acquired during his employment with Harwell trade and technical information, lists of plaintiff's customers, price information, manufacturing processes and research and development information and is now using same in violation of his contract.

It was further alleged that Ballard knew of the contract and conspired with Heim to violate it; that defendants are not sufficiently solvent to respond in damages and that plaintiff has no adequate remedy at law.

Heim demurred for failure of complaint to allege facts sufficient to state a cause of action and for misjoinder of causes of action.

Ballard demurred for misjoinder of causes of action and failure of complaint to state facts sufficient to constitute a cause of action against him since he was not a party to the employment contract.

The demurrer of defendant Heim was sustained and the action dismissed as to him, since "the complaint states a defective cause of action in that the contract sued upon is void and unenforceable because it purports to prevent the defendant from working in 'any competitive business in the United States.' " The demurrer of the defendant Ballard was overruled. Harwell and Ballard appeal to this Court.

*Whitener and Mitchem by Basil L. Whitener and Anne M. Lamm for plaintiff appellant.*

*Horace M. DuBose, III, for defendant appellee Heim.*

*Hollowell, Stott & Hollowell by Grady B. Stott for defendant appellee Ballard.*

CAMPBELL, J.

**[1]** While Ballard took exceptions to overruling his demurrer and in the record made assignments of error, nevertheless, he did not set same out in his brief, and they are taken as abandoned by him. Rule 28, Rules of Practice in the Court of Appeals of North Carolina. Ballard filed a brief in support of the ruling of the trial judge sustaining the demurrer of Heim.

We confront the question as to whether the employment contract in this case is void and unenforceable.

The law of "restrictive covenants not to compete" has been fashioned in numerous decisions of the North Carolina Supreme Court. Although general restraints of trade are not allowed, so-called partial restraints have been permitted under certain conditions. *Moskin Bros. v. Swartzberg*, 199 N.C. 539, 155 S.E. 154 (1930); *Scott v. Gillis*, 197 N.C. 223, 148 S.E. 315 (1929); 17 C.J.S., Contracts, § 241(1), pp. 1109-1110.

This case involves a personal service contract and does not involve covenants not to compete entered into in connection with the sale of a business and its good will.

**[2]** The demurrer admits the facts pleaded in the complaint, but it does not admit any legal inferences or conclusions of law asserted

by the pleader. *Ice Cream Co. v. Ice Cream Co.,* 238 N.C. 317, 77, S.E. 2d 910 (1953).

Applying this principle as to the admitted facts, we next turn to the applicable law. In *Asheville Associates v. Miller and Asheville Associates v. Berman,* 255 N.C. 400, 121 S.E. 2d 593 (1961), Higgins, J., set forth the applicable rule as follows:

> "Courts generally refuse to enforce restrictive covenants in employment contracts unless they are (1) in writing, (2) entered into at the time and as a part of the contract of employment, (3) based on valuable considerations, (4) reasonable both as to time and territory embraced in the restrictions, (5) fair to the parties, and (6) not against public policy."

[3] Restrictive covenants in employment contracts, otherwise reasonable, will be enforced by a court of equity if

> ". . . they are no wider than reasonably necessary for the protection of the employer's business, and do not impose undue hardship on the employee, due regard being had to the interests of the public." 17 C.J.S., Contracts, § 254, p. 1138. See *Greene Co. v. Arnold,* 266 N.C. 85, 145 S.E. 2d 304 (1965); *Asheville Associates v. Miller, supra;* and *Welcome Wagon, Inc. v. Pender,* 255 N.C. 244, 120 S.E. 2d 739 (1961).

[4, 5] Restrictive covenants not to compete in employment contracts are scrutinized more rigorously than similar covenants incident to a sale of a business. The burden is on the plaintiff to establish the reasonableness of the contract. The mere allegation of business throughout the United States which needs to be protected is not sufficient. The plaintiff has failed to demonstrate on this record that the restrictive covenant applying to the entire United States was necessary to protect the legitimate interests of the business of the plaintiff. *Noe v. McDevitt,* 228 N.C. 242, 45 S.E. 2d 121 (1947).

Some of the criteria to be observed in these cases are set out by Stacy, C.J., in *Beam v. Rutledge,* 217 N.C. 670, 9 S.E. 2d 476 (1940):

> "Public policy is concerned with both sides of the question. It favors the enforcement of contracts intended to protect legitimate interests and frowns upon unreasonable restrictions. . . . It is as much a matter of public concern to see that valid contracts are observed as it is to frustrate oppressive ones. Both functions belong to the courts.
>
> The test to be applied in determining the reasonableness of a restrictive covenant is to consider whether the restraint affords

only a fair protection to the interest of the party in whose favor it is given, and is not so broad as to interfere with the rights of the public. . . . The question is one of reasonableness — reasonableness in reference to the interests of the parties concerned and reasonableness in reference to the interests of the public. . . . Such a covenant is not unlawful if the restriction is no more than necessary to afford fair protection to the covenantee and is not injurious to the interests of the public. . . .

\* \* \*

The line of demarcation, therefore, between freedom to contract on the one hand and public policy on the other must be left to the circumstances of the individual case. Just where this line shall be in any given situation is to be determined by the rule of reason. Of necessity, no arbitrary standard can be established in advance for the settlement of all cases."

In order for plaintiff to establish the reasonableness of a contract to protect a business throughout the United States, we think it is incumbent upon the plaintiff to show that such a business does exist and that the contract was necessary to protect such legitimate interests. The record in this case does not support the position of the plaintiff.

[5] The allegation "[t]hat the business of the plaintiff consists of various business endeavors including all phases of silk screen processing, plastics, importing and various other ventures throughout the United States" undoubtedly establishes a conglomerate in the largest sense but there is no corresponding allegation that the defendant is such an inventive genius or other human dynamo that his presence in a business endeavor anywhere in the United States would short-circuit the operations of the plaintiff and cause even the mildest tremor in the far flung operations of the plaintiff. To uphold the covenant the plaintiff must allege and be prepared to prove that the covenant is "no more than necessary to afford fair protection to the covenantee [the plaintiff] and is not injurious to the interests of the public." *Beam v. Rutledge, supra.*

Here the allegations show that Heim is interfering with the "silk screen processing" segment of business of the plaintiff Harwell, in a territory surrounding Gastonia, North Carolina. There is nothing to show that Heim is interfering with any other segment of the "various business endeavors" of the plaintiff or that any "other ventures throughout the United States" are affected in the least. Thus there is no correlation of the protection sought with any need of the business of Harwell. "The court cannot, by splitting up the territory,

make a new contract for the parties — it must stand or fall integrally." *Noe v. McDevitt, supra.*

As to Defendant Ballard — Appeal dismissed.

As to Plaintiff Harwell — Affirmed.

PARKER and GRAHAM, JJ., concur.