JOSEPHINE GILLIS JENKINS v. AVA LINEBERRY WHEELER, ADMINISTRATRIX OF THE ESTATE OF LOUELLA S. WHEELER, AND AVA LINEBERRY WHEELER, INDIVIDUALLY, AVA LINEBERRY WHEELER, EXECUTRIX OF THE ESTATE OF AUSTIN BEDFORD WHEELER, NATIONWIDE MUTUAL INSURANCE COMPANY, AND JAMES L. WILSON

No. 8319SC1199

(Filed 15 January 1985)

Appeal and Error § 16— appeal by one defendant—jurisdiction of trial court to rule on second defendant's motion to dismiss

　　Where one defendant's motion to dismiss for failure to state a cause of action was granted and plaintiff appealed from the order of dismissal, the trial court had jurisdiction to hear and rule upon a second defendant's motion to dismiss while plaintiff's appeal was pending, since the original order of dismissal against the first defendant in no way touched upon or affected the subject matter of the order of dismissal in favor of the second defendant. G.S. 1-294.

APPEAL by plaintiff from *Mills, Judge*. Order entered 17 August 1983 in Superior Court, RANDOLPH County. Heard in the Court of Appeals 30 August 1984.

*Ottway Burton, P.A., for plaintiff appellant.*

*Gavin and Pugh, by W. Ed Gavin, for defendant appellee.*

JOHNSON, Judge.

Plaintiff Jenkins is the sole heir of her natural mother, Louella Wheeler. Louella Wheeler was a passenger in a truck driven by her husband, Austin Wheeler, which was involved in a

one vehicle accident on 19 May 1980. Louella Wheeler died 20 August 1980. Austin Wheeler, Louella Wheeler's second husband and no blood relation to Jenkins, renounced the administration in favor of his sister, Ava Wheeler, who qualified as administratrix of Louella Wheeler's estate. Austin Wheeler committed suicide at some point thereafter, and Ava Wheeler qualified to administer his estate as well. At the time of the accident, Austin Wheeler had an automobile liability insurance policy with Nationwide Mutual Insurance Company with a policy limit of $25,000.

On 7 September 1982, Jenkins filed this action against Ava Wheeler, Ava Wheeler's attorney, James Wilson, and Nationwide. In essence, the complaint alleged that defendants had breached various fiduciary duties and conspired to deprive Jenkins of any recovery on the Nationwide policy.

As to Ava Wheeler, the complaint alleged that upon qualifying as administratrix of the Estate of Louella Wheeler, she negligently or through fraud and conspiracy with Austin Wheeler failed and refused to list or pursue the wrongful death action as an asset of Louella's estate, thus breaching the fiduciary relationship existing between herself as administratrix of the Estate of Louella Wheeler and the plaintiff, as an heir of the estate.

As to Nationwide, the complaint alleged that Nationwide was aware of the conspiracy between Ava Wheeler and Austin Wheeler and conspired with the two of them in denying the estate the proceeds of the automobile liability policy.

As to attorney Wilson, the complaint in essence alleged that he failed to advise Ava Wheeler to list the wrongful death action as an asset of Louella's estate, that he improperly continued representation of conflicting interests, and that he wilfully refused to proceed with the wrongful death action despite Jenkins' insistence and offers to pay all costs, thus breaching the applicable standards of professional skill and ethics.

Defendants Wilson and Nationwide filed motions to dismiss. Wilson's motion to dismiss was granted 8 February 1983, from that order Jenkins appealed. While the matter was pending on appeal (*Jenkins v. Wheeler*, 69 N.C. App. 140, 316 S.E. 2d 354 (1984)), the trial court, on 17 August 1983, heard and granted

Jenkins v. Wheeler

defendant Nationwide's motion to dismiss. From that order, Jenkins has instituted this appeal.

Plaintiff does not challenge the substantive correctness of the order granting Nationwide's motion to dismiss. Plaintiff's sole contention advanced in this appeal is that the trial court was without jurisdiction to hear and decide Nationwide's motion to dismiss pending the appeal of the 8 February 1983 order.

G.S. 1-294 provides in pertinent part:

When an appeal is perfected as provided by this Article it stays all further proceedings in the court below upon the judgment [order] appealed from, or upon the matter embraced therein; but the court below may proceed upon any other matter included in the action and not affected by the judgment appealed from.

The language of the statute is clear. An appeal stays further proceedings in the lower court upon the *judgment appealed and matters embraced within that judgment. See, Manufacturing Co. v. Arnold,* 228 N.C. 375, 45 S.E. 2d 577 (1947); *Herring v. Pugh,* 126 N.C. 852, 36 S.E. 287 (1900). The subject matter of the 8 February 1983 order was whether the complaint stated a cause of action against defendant Wilson. The order of 8 February did not touch upon or affect the subject matter of the order of 17 August 1983, which granted Nationwide's motion to dismiss on the ground that the complaint did not state a cause of action against Nationwide. Neither defendant is a necessary party to plaintiff's action against the other. Clearly then, the trial court did have jurisdiction to hear and rule upon Nationwide's motion to dismiss. We therefore

Affirm.

Judges WEBB and PHILLIPS concur.