JOSEPHINE GILLIS JENKINS v. AVA LINEBERRY WHEELER, ADMINISTRA-
TRIX OF THE ESTATE OF LOUELLA S. WHEELER, AND AVA LINEBERRY
WHEELER, INDIVIDUALLY, AVA LINEBERRY WHEELER, EXECUTRIX OF THE
ESTATE OF AUSTIN BEDFORD WHEELER, AND JAMES L. WILSON

No. 8619SC97

(Filed 17 June 1986)

1. **Appeal and Error § 68.3; Rules of Civil Procedure § 12— failure to state claim
upon which relief could be granted—prior decision controlling**

    The trial court erred in dismissing plaintiff's action against one defendant
for failure to state a claim upon which relief could be granted, since the Court
of Appeals had earlier held that plaintiff's complaint was sufficient to with-
stand a Rule 12(b)(6) motion, and the trial court was bound by that decision.

2. **Courts § 9.4— motion to dismiss—overruling of one superior court judge by
another—error**

    The trial court erred in granting a Rule 12(b)(6) motion for one defendant
after the moving party's previous Rule 12(b)(6) motion had been denied by
another superior court judge, since one superior court judge may not overrule
another.

3. **Appeal and Error § 6.6— dismissal of punitive damages claim—interlocutory
order appealable**

    An interlocutory order dismissing a punitive damages claim affects a sub-
stantial right and is immediately appealable. In this action where no eviden-
tiary hearing was held before the order dismissing the claim for punitive
damages was entered, there was insufficient evidence to dismiss the claim.

APPEAL by plaintiff from *Beaty, Judge.* Orders entered 28
August 1985 in Superior Court, RANDOLPH County. Heard in the
Court of Appeals 4 June 1986.

*Ottway Burton for plaintiff, appellant.*

*Beck, O'Briant, O'Briant and Bunch, by W. Edward Bunch,
for defendant, appellee Ava Lineberry Wheeler, Executrix of the
Estate of Austin Bedford Wheeler.*

*William E. Mathers for defendant, appellee Ava Lineberry
Wheeler, Individually and as Administratrix of the Estate of
Louella S. Wheeler.*

*Moser, Ogburn & Heafner, by D. Wescott Moser and John N.
Ogburn, Jr., for defendant, appellee James L. Wilson.*

HEDRICK, Chief Judge.

This is plaintiff's third appeal to the North Carolina Court of Appeals. The three appeals from orders disposing of fewer than all of the claims of all of the parties proves the wisdom of G.S. 1A-1, Rule 54(b). The first appeal from the order allowing the G.S. 1A-1, Rule 12(b)(6) motion of James L. Wilson should have been dismissed pursuant to G.S. 1A-1, Rule 54(b). The second appeal from the order granting the G.S. 1A-1, Rule 12(b)(6) motion of Nationwide Mutual Insurance Company should have been dismissed for the same reason. This present appeal from the orders granting the new G.S. 1A-1, Rule 12(b)(6) motions of James L. Wilson and Ava Lineberry Wheeler, Individually and as Administratrix of the Estate of Louella S. Wheeler, perhaps also should be dismissed because it too is in violation of G.S. 1A-1, Rule 54(b).

We, however, in an effort to remove the case from the procedural morass in which it has fallen, will rule on the matters before us with the fervent hope that counsel will let the case proceed to a final judgment.

We hope that no party will appeal from an order or judgment that disposes of fewer than all of the rights and claims of all of the parties unless the trial judge certifies as provided by G.S. 1A-1, Rule 54(b). This Court will not be inclined to accept an appeal from a judgment or order disposing of less than all of the claims of all of the parties unless the trial court certifies the case for appeal.

The facts of this case are set out in our earlier decisions of *Jenkins v. Wheeler*, 69 N.C. App. 140, 316 S.E. 2d 354, *disc. rev. denied*, 311 N.C. 758, 321 S.E. 2d 136 (1984) and *Jenkins v. Wheeler*, 72 N.C. App. 363, 325 S.E. 2d 4 (1985). We need not repeat them here.

[1] Plaintiff first assigns error to the order granting James L. Wilson's motion to dismiss for failure to state a claim upon which relief can be granted made pursuant to G.S. 1A-1, Rule 12(b)(6). This Court held in *Jenkins v. Wheeler*, 69 N.C. App. 140, 316 S.E. 2d 354, *disc. rev. denied*, 311 N.C. 758, 321 S.E. 2d 136 (1984), that plaintiff's complaint was sufficient to withstand a motion made pursuant to G.S. 1A-1, Rule 12(b)(6). The superior court is bound by this decision, and the order dismissing plaintiff's action against

James L. Wilson for failure to state a claim upon which relief can be granted is reversed.

[2] Plaintiff also assigns error to the order granting the G.S. 1A-1, Rule 12(b)(6) motion of Ava Lineberry Wheeler, Individually and as Administratrix of the Estate of Louella S. Wheeler. On 19 October 1983 Judge Mills denied a 12(b)(6) motion made by Ava Lineberry Wheeler, Individually and as Administratrix of the Estate of Louella S. Wheeler. In denying the motion to dismiss, Judge Mills concluded that the complaint filed by Jenkins stated a claim against Ava Lineberry Wheeler, Individually and as Administratrix of the Estate of Louella S. Wheeler. One superior court judge may not overrule another. *Barbour v. Little*, 37 N.C. App. 686, 247 S.E. 2d 252, disc. rev. denied, 295 N.C. 733, 248 S.E. 2d 862 (1978). The superior court erred in granting a 12(b)(6) motion after the moving party's previous 12(b)(6) motion had been denied by another superior court judge. *Id.* The order dismissing the action against Ava Lineberry Wheeler, Individually and as Administratrix of the Estate of Louella S. Wheeler, is reversed.

[3] Plaintiff also assigns error to the entry of judgment dismissing her punitive damages claim against Ava Lineberry Wheeler as Executrix of the Estate of Austin Bedford Wheeler. Our Supreme Court has held that an interlocutory order dismissing a punitive damage claim affects a substantial right and is immediately appealable. *Newton v. Insurance Co.*, 291 N.C. 105, 229 S.E. 2d 297 (1976).

Plaintiff asserted two claims for compensatory damages and one claim for punitive damages against Ava Lineberry Wheeler as Executrix of the Estate of Austin Bedford Wheeler. It is unclear from the pleadings whether the punitive damages claim attaches to plaintiff's wrongful death claim or to plaintiff's claim for "conspir[acy] to deprive the plaintiff of the proceeds" of the wrongful death action. No evidentiary hearing was held before the order dismissing the claim for punitive damages was entered. There is insufficient evidence in the record before us to dismiss a claim for punitive damages for wrongful death or "conspiracy." The order dismissing the punitive damages claim is therefore reversed.

The remaining assignments of error are patently non-appealable. The appeal with regard to these assignments is dismissed.

Reversed in part, dismissed in part and remanded.

Judges EAGLES and COZORT concur.