PEOPLES SECURITY LIFE INSURANCE COMPANY v. MILTON S. HOOKS

No. 877SC48

(Filed 7 July 1987)

1. **Contracts § 31; Master and Servant § 11.1— recruiting another's employees— no cause of action recognized**

   North Carolina does not recognize a claim for hiring or recruiting another employer's employee whose employment contract is terminable at will.

2. **Master and Servant § 11.1— no interference with former employer's policyholders—claim for breach of employment contract properly dismissed**

   Plaintiff's complaint was insufficient to state a claim for breach of a provision of an employment contract regarding refraining from solicitation or servicing of policyholders or interference with existing policies where plaintiff alleged only that defendant enticed sufficient numbers of its employees to leave its employ so that it could no longer service its existing policyholders.

APPEAL by plaintiff from *Long, Judge*. Judgment entered 19 November 1986. Heard in the Court of Appeals 9 June 1987.

This is a civil action instituted by plaintiff, Peoples Security Life Insurance Company, against defendant Milton S. Hooks.

On 13 December 1985, plaintiff filed a two-count complaint against its former agency manager. Count I of the complaint alleged, *inter alia*, that defendant resigned, took employment with another insurance company, intentionally induced 15 of plaintiff's insurance agents and 4 of its sales managers to "terminate their contracts of employment with plaintiff," and employed them with a rival insurance company. Count I further alleged that defendant had knowledge "that most of the contracts which plaintiff had with its insurance agents provided that in the event the agents left the employment of the company they agreed for a period of one year 'not to work upon or in any way interfere with any part of any account or territory upon which the Agent previously worked in the same State for the Company.'"

Count II of plaintiff's complaint, in pertinent part, alleged the following:

22. That pursuant to the terms of said contract between plaintiff, Peoples Security Life Insurance Company, and the defendant, Milton S. Hooks, Hooks agreed that upon termination he would, for a period of one year, refrain from 'solicita-

tion or servicing of policyholders of the company . . . or in any way interfering with existing policies.'

23. That the defendant, Milton S. Hooks, has interfered with plaintiff's business in violation of his contract by hiring 15 of plaintiff's insurance agents, 4 of its sales managers and the District Marketing Specialist, thereby inducing them to terminate their employment with the plaintiff and leaving plaintiff without adequate means of servicing its policyholders and collecting its premiums.

24. That as a result of the defendant's breach of his contract, the plaintiff has been damaged for the cost of replacing agents in an amount in excess of $285,000.00 and for the loss of policy contracts in an amount in excess of $500,000.00.

Plaintiff, in its prayer for relief, sought to recover $785,000.00 in damages for Counts I and II, and $1,000,000.00 in punitive damages pursuant to Count I of its complaint.

On 10 February 1986, defendant filed a motion to dismiss for failure to state a claim upon which relief may be granted, an answer, and a counterclaim. Defendant, in his answer, generally denied the pertinent allegations of plaintiff's complaint and incorporated a copy of his contract into his answer.

In his counterclaim defendant alleged that plaintiff failed to pay him $7,711.20 representing payment for three weeks and one day of vacation that he was entitled to. Defendant further alleged that plaintiff's withholding of vacation pay due him constitutes a violation of G.S. 95-25.12.

On 19 November 1986, the trial court filed a judgment that dismissed plaintiff's complaint for failure to state a claim upon which relief may be granted. Rule 12(b)(6), N.C. Rules Civ. P. Plaintiff appeals.

*Mount White Hutson & Carden, P.A., by James H. Hughes, for plaintiff appellant.*

*Brooks, Pierce, McLendon, Humphrey & Leonard, by James T. Williams, Jr. and Jim W. Phillips, Jr., for defendant appellee.*

JOHNSON, Judge.

Plaintiff argues on appeal that the trial court erred in dismissing both counts of its complaint for failure to state a claim upon which relief may be granted. We disagree.

The test a trial court must apply when ruling on a motion to dismiss a complaint for failure to state a claim upon which relief may be granted is whether the pleading, when liberally construed, is legally sufficient. *E.g.*, *Fowler v. Williamson*, 39 N.C. App. 715, 251 S.E. 2d 889 (1979). "To prevent a Rule 12(b)(6) dismissal, a party must (1) give sufficient notice of the events on which the claim is based to enable the adverse party to respond and prepare for trial, and (2) 'state enough to satisfy the substantive elements of at least some *legally recognized claim*.'" *Hewes v. Hewes*, 61 N.C. App. 603, 604, 301 S.E. 2d 120, 121 (1983) (emphasis supplied) (quoting *Orange County v. Dep't of Transportation*, 46 N.C. App. 350, 378-79, 265 S.E. 2d 890, 909 (1980)). A dismissal pursuant to Rule 12(b)(6), N.C. Rules Civ. P. is proper when the complaint reveals on its face that some fact essential to plaintiff's claim is missing. *Schloss Outdoor Adv. Co. v. The City of Charlotte*, 50 N.C. App. 150, 272 S.E. 2d 920 (1980).

### Count I

[1] In the case *sub judice* Count I of plaintiff's complaint purports to state tortious interference with contract as a claim for relief. There are no cases reported in the state of North Carolina wherein a North Carolina Court has recognized a claim for hiring or recruiting another employer's employee whose employment contract is terminable at will. To the contrary, two Supreme Court opinions stand for the opposite of such a proposition. *See Haskins v. Royster*, 70 N.C. 601 (1874). *See also Morgan v. Smith*, 77 N.C. 37 (1877).

Plaintiff relies upon *Childress v. Abeles*, 240 N.C. 667, 84 S.E. 2d 176 (1954) and *Smith v. Ford Motor Co.*, 289 N.C. 71, 221 S.E. 2d 282 (1976). Although both *Smith* and *Childress* involved claims based upon malicious interference with employment contracts terminable at will, neither case was decided in the context of a competitive business setting wherein a competitor recruited the competition's employees whose contracts were terminable at will. We decline to extend the Supreme Court's holdings in *Smith* and

*Childress* to the distinguishable facts in the case *sub judice*. The trial court did not err in dismissing plaintiff's complaint for failure to state a claim upon which relief may be granted.

## Count II

**[2]** Count II of plaintiff's complaint purports to state breach of an employment contract as a claim for relief. After thoroughly reviewing the pleadings we fail to find any factual allegations to support a claim for a breach of defendant's employment contract with plaintiff.

The pertinent contractual provision that plaintiff claims defendant breached is as follows:

> District manager shall thereafter for a period of one year refrain from further solicitation or servicing of policyholders of the Company or F & C of any district to which District Manager has been assigned, or in any way interfering with existing policies.

Plaintiff, in its complaint, did not allege that defendant solicited or serviced any of plaintiff's policyholders. There were no allegations that any of plaintiff's former agents solicited or serviced any of plaintiff's policyholders. The only allegation with which plaintiff attempted to support its claim for breach of the non-competition covenant was that due to the departure of its employees it was left "without adequate means" to service its existing policyholders. We hold that Count II of plaintiff's complaint fails to allege facts sufficient to state a claim upon which relief may be granted. *Hewes, supra.*

We conclude that the trial court did not err in dismissing plaintiff's complaint for failure to state a claim upon which relief may be granted.

Affirmed.

Judges ARNOLD and PARKER concur.