Upon review of all of the competent evidence of record with reference to the errors assigned, and finding no good ground to reconsider the evidence, receive further evidence, rehear the parties or their representatives, the Full Commission MODIFIES and AFFIRMS the Decision and Order of the deputy commissioner as follows:
 RULING ON MOTION
Plaintiffs' motion to redact portions of defendant's brief addressing the issue of the statute of limitations is DENIED. Defendant timely raised the statute of limitations issue in its answer and the court may consider jurisdictional issues at any time in the proceeding. See N.C. Gen. Stat. § 1A-1, Rule 12; N.C. Gen. Stat. § 1A-1, Rule 41; N.C. Gen. Stat. § 1A-1, Rule 56, see also Whittaker Gen. Medical Corp. v. Daniel, 87 N.C. App. 659,362 S.E.2d 302 (1987), rev'd on other grounds, 324 N.C. 523,379 S.E.2d 824 (1989).
 ***********
The Full Commission adopts in part and modifies in part the findings of fact of the deputy commissioner and finds as follows:
 FINDINGS OF FACT
1. In 1975, Bonnie Ballard and A.J.. Stephenson purchased property and three buildings located at the intersection of highways 421, 401, and 210 in Lillington, North Carolina.
2. At the time of the purchase, Mr. Ballard was aware that the previous owner, Harold Butts, had installed a 30" pipe on the property, and then constructed the three buildings on top of the pipe.
3. On 9 September 1987, the North Carolina Department of Transportation began Project # 8.1450101 which involved, moving the intersection and the widening of a two lane roadway. The construction project, located northeast of plaintiffs' property did not encompass plaintiffs' property in any manner. The construction project was completed on 13 April 1990.
4. In 1992, sometime prior to 16 June 1992, plaintiffs discovered a sizable sink hole next to one of the buildings on the property. Plaintiffs filled the hole. Plaintiffs later contacted the North Carolina Department of Transportation to request an inspection of the property.
5. On 16 June 1992, Harnett County Maintenance Engineer Ray Stone wrote a memorandum of his inspection of the plaintiffs' property and his conversation with Mr. A.J. Stephenson. The contemporaneous note stated as follows:
 When he dug around cavity at his bldg he uncovered 2-joints — said joints were ***pretty good. just leaking — Repaired as Best He could filled 12" cavity with ABC compacted as best he could.
 He contends DOT tied into his drainage pipe, thus causing damage to his property. Water has devalued his property to zero. Is going to ask a jury to award him $200,000 for 2 acre of land 3 bldgs, in other words sell this property to the state.
6. Following his initial inspection. Mr. Stone later made an inspection of junction box A, located immediately adjacent to plaintiffs' property. The inspection revealed two pipes running into the box, and one pipe going out. The two incoming pipes were a DOT 30" pipe running underneath a highway ramp adjacent to plaintiffs' property, and a 15" driveway pipe. The outgoing pipe was the 30" pipe running underneath plaintiffs' buildings. After the second inspection, Mr. Stone discussed the situation with his supervisors. DOT denied liability for the damage to plaintiff's property.
7. All of defendant's alleged negligent acts occurred more than five years prior to the filing of the Affidavit. Plaintiffs were aware of or should have been aware of the damage to their property as early as 16 June 1992, more than three years prior to the filing of the Affidavit.
8. In August 1995, John Castanes, P.E., with Omega Engineering inspected plaintiffs' property and prepared a report. In October 1995, Mr. Bob Bennett also inspected the property and prepared a report.
9. Plaintiffs filed the Affidavit of Tort Claim on 31 August 1995. Defendant timely filed a Motion to Dismiss and Answer alleging the statute of limitations as a bar to plaintiff's claim.
10. Prior to hearing before the deputy commissioner, defendant made a motion to dismiss the Affidavit on the basis of the statute of limitations. The motion was denied.
11. At the conclusion of the hearing, defendant renewed the motion to dismiss the action. The deputy commissioner reserved ruling upon the motion pending the issuance of a Decision and Order in this case.
 ***********
Based upon the foregoing findings of fact, the Full Commission concludes as follows:
 CONCLUSIONS OF LAW
1. The North Carolina Tort Claims Act, N.C. Gen. Stat. § 143-291 et seq., is in derogation of common law and must be strictly construed. Watson v. North Carolina Dep't Corr.,47 N.C. App. 718, 268 S.E.2d 546, cert. denied, 301 N.C. 239,283 S.E.2d 135 (1980). N.C. Gen. Stat. 143-299 sets forth the applicable statute of limitations:
 All claims against any and all State departments, institutions, and agencies shall henceforth be forever barred unless a claim be filed with the Industrial Commission within three years after the accrual of such claim . . . .
Plaintiffs' claim is barred whether it accrued on the date of defendant's last act or the date of the discovery of a latent defect. "Under common law, a cause of action accrues at the time the injury occurs, `even in ever so small a degree.' This is true even when the injured party is unaware that the injury exists."Pembee Mfg. Corp. v. Cape Fear Constr. Co., 313 N.C. 488,329 S.E.2d 350 (1985).
2. In their Tort Claim Affidavit, plaintiffs alleged that defendant's negligent construction, maintenance, oversight and inspection of the drainage system damaged their property. The project was completed on 13 April 1990. Therefore, all of defendant's alleged acts occurred more than five years prior to plaintiffs filing the Affidavit, on 31 August 1995. In addition, plaintiffs were aware of or should have been aware of any damage to their property as early as 16 June 1992, more than three years prior to plaintiffs filing the Affidavit. Strictly construing the Act, which does not contain a statute of repose, plaintiffs' claim is barred by the three year statute of limitations.
3. Even if the statute of repose, N.C. Gen. Stat. § 1-52(16), applied in the case at bar, plaintiff's claim is barred as a matter of law. N.C. Gen. Stat. § 1-52(16) provides as follows:
 Unless, otherwise provided by statute, for personal injury, or physical damage to claimant's property, the cause of action, except in causes of actions referred to in G.S. 1-15(c), shall not accrue until bodily harm to the claimant or physical damage to his property becomes apparent or ought reasonably to have become apparent to the claimant, whichever event first occurs. Provided that no cause of action shall accrue more than 10 years from the last act or omission of the defendant giving rise to the cause of action. (Emphasis added)
4. If N.C. Gen. Stat. § 1-52(16) is applicable, then plaintiffs' claim accrued on June 16, 1992, when physical damage to plaintiffs' property became apparent to plaintiffs or ought reasonably to have become apparent. Since plaintiffs' claim was not filed until 31 August 1995, the three year statute of limitations bars such claim.
5. Plaintiffs' claims, which are barred by the statute of limitations, must be dismissed with prejudice pursuant to N.C. Gen. Stat. § 1A-1, Rule 41(b) and further the North Carolina Industrial Commission is without jurisdiction to hear this matter.
 ***********
Based upon the above findings of facts, and conclusions of law, the Full Commission enters the following
 ORDER
1. Plaintiffs' claims are dismissed with prejudice.
2. Each side shall pay its own costs.
 S/ ____________________ BERNADINE S. BALLANCE COMMISSIONER
CONCURRING:
S/ _________________ J. HOWARD BUNN, JR. CHAIRMAN
S/ _________________ LAURA K. MAVRETIC COMMISSIONER
BSB:md